Molly K. MARTIN, Plaintiff,

v.

Michael P.W. STONE, et al., Defendants.

Civ. A. No. 90–1596.

United States District Court, District of Columbia.

Feb. 8, 1991.

Quinn O'Connell, Holland & Hart, Washington, D.C., for plaintiff.

John C. Martin, Asst. U.S. Atty., Washington, D.C., for the Government.

## ORDER

REVERCOMB, District Judge.

The plaintiff, a former West Point cadet, was separated from West Point on June 14, 1990. Prior to taking this action, the Army held a Full Honor Investigative Hearing (FHIH) on January 29, 1990 concerning allegations of lying and cheating. Complaint ¶ 6. The FHIH panel determined that the plaintiff had violated the Cadet Honor Code by cheating and later denying that she had cheated. *Id.* The Staff Judge Advocate of the Military Academy conducted a legal review of the FHIH proceedings and forwarded the findings of the FHIH panel to the Superintendent of the Academy. *Id.* ¶ 7–8. On March 5, 1990, the Superintendent approved the findings and forwarded them on to Army Headquarters. *Id.* ¶ 9. The Army notified the plaintiff of its approval of her separation from the Academy on June 14, 1990. *Id.* Ex. 6.

Subsequently, on June 25, 1990, plaintiff's counsel wrote to the Deputy Assistant Secretary of the Army, who had previously assured plaintiff's family that he would give the findings of the FHIH his "personal review." The letter inquired

whether the Army's review was complete. Plaintiff's counsel indicated the plaintiff intended to pursue the case in Court once the action was final and did not want to bring such an action prematurely. Complaint Ex. 5. The Army did not respond to this letter.

Plaintiff filed this action on July 11, 1990, asserting several procedural and evidentiary flaws in the FHIH proceedings. On October 10, the defendant moved to dismiss. The Army argues that the plaintiff has not requested a correction of her military records by the Army Board for Correction of Military Records (BCMR). The Army asserts that the BCMR has the power and authority to grant plaintiff all the relief she seeks, including reinstatement in the Academy. Accordingly, the Army argues that the plaintiff must or should be required to exhaust her administrative remedies before prosecuting this action.

■ The Court finds that this case is governed by the decision of the Circuit Court in *Bois v. Marsh*, 801 F.2d 462 (D.C. Cir.1986). In *Bois*, the court held that exhaustion of administrative remedies before the BCMR was required before a former member of the Army could bring suit for declaratory relief to correct her military record. The Court explained:

Although the need for military discipline by no means precludes judicial review of all military matters, the Supreme Court has instructed us that "[c]ivilian courts must, at the very least, hesitate long before entertaining a suit which asks the court to tamper with the established relationship between enlisted military personnel and their superior officers." ... This teaching reinforces the well-established principle "that a court should not review internal military affairs in the absence of ... exhaustion of available intraservice measures."

*Bois,* 801 F.2d at 468 (citations omitted). Although the *Bois* case involved a post-discharge action to correct a military record, the Court believes that the language and rationale of that opinion applies equally to

this case where the correction would require reinstatement into the service.

The plaintiff acknowledges the rule in *Bois* and has conceded that the BCMR has the authority to grant the relief she seeks; nonetheless, the plaintiff asserts that in light of the special circumstances presented by this case, the Court should not require exhaustion of administrative remedies before permitting this suit. The plaintiff cites an earlier Court of Appeals decision to suggest that whether or not to require exhaustion is a matter within the Court's discretion. *Hayes v. Secretary of Defense*, 515 F.2d 668 (D.C.Cir.1975).

Although the *Hayes* decision speaks in terms of the court's discretion to require exhaustion, the later decision in *Bois* clarifies the nature of the discretion to be exercised:

> We recognize that the exhaustion doctrine is subject to exceptions, even in the context of suits alleging wrongs suffered incident to military service. The doctrine is not, for example, applied where "exhaustion in all likelihood would be futile," . . . or where no real possibility of adequate relief exists.

801 F.2d at 468. In addition, exhaustion will not be required where an aggrieved plaintiff can show irreparable harm that would justify her failure to exhaust administrative remedies before seeking judicial review. *Id.*

In *Hayes*, the court found such irreparable harm where a plaintiff is seeking *discharge* from the service. In that case, the court held that "[t]he delay attendant upon a petition to the Board for Correction of Military Records would significantly increase the length of [the plaintiff's] involuntary servitude without judicial review." 515 F.2d at 674–75. Unlike the *Hayes* case, the plaintiff has not brought her suit within any of the recognized exceptions to the exhaustion doctrine. The fact that the plaintiff is falling behind her peers at the Academy during the pendency of her challenge to her separation does not present the kind of irreparable harm that warrants premature review of military personnel actions. Moreover, plaintiff's suit will not be unreasonably delayed by the requirement that she first seek administrative remedies before the BCMR; in fact, the defendants have represented to the Court that the BCMR would be able to complete its review of the plaintiff's case within six months.

In addition, the plaintiff asserts that resort to the Board should not be required in this case since the Board would simply be revisiting the issues already considered by the Secretary. Providing agencies with a "useful, second look at an important decision," however, is one of the justifications for the exhaustion requirement. *Kolesa v. Lehman*, 534 F.Supp. 590, 595 (N.D.N.Y. 1982).

For the foregoing reasons, the Court holds that the plaintiff must exhaust her administrative remedies before the BCMR before pursuing her case in civilian court. Accordingly, this case is DISMISSED without prejudice.